UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICK F.,

                                                **Plaintiff,**

                            v.                                                                       5:20-CV-134
                                                                                                               (FJS)

COMMISSIONER OF SOCIAL SECURITY,

                                                **Defendant.**
_____

**APPEARANCES**                                      **OF COUNSEL**

**OLINSKY LAW GROUP**                 **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street
Suite 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **DANIEL S. TARABELLI, ESQ.**
**OFFICE OF THE GENERAL COUNSEL**
15 Sudbury Street, Suite 625
Boston, Massachusetts 02203
Attorneys for Defendant

**SCULLIN, Senior Judge**

## I. INTRODUCTION

       Plaintiff brought this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of Defendant's final decision denying his application for benefits. *See generally* Dkt. No. 1. Pending before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 10, 11.

## II. BACKGROUND

Plaintiff applied for benefits on July 20, 2010, and the Social Security Administration (the "Administration") found that he was disabled as of July 6, 2010. *See* Dkt. No. 7, Administrative Record ("AR"), at 79.[1] On May 9, 2014, the Administration found that, as of that date, Plaintiff was no longer disabled and, upon reconsideration, upheld this finding on August 14, 2014. *See id.* at 17. Plaintiff then filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). *See id.* On March 10, 2015, Plaintiff appeared and testified before ALJ Flanagan. *See id.* On April 21, 2015, ALJ Flanagan upheld the determination that Plaintiff's disability ended on May 9, 2014. *See id.* Plaintiff then requested that the Appeals Council review ALJ Flanagan's April 21, 2015 decision, which the Appeals Council denied. *See id.* at 8-13. Plaintiff then filed an action in this District, which resulted in a judgment in his favor and a remand for further proceedings. *See id.* at 576-96. Upon receiving the remand decision, the Appeals Council vacated ALJ Flanagan's decision and assigned Plaintiff's case to another ALJ for further proceedings. *See id.* at 600.

On July 30, 2019, Plaintiff attended a hearing before ALJ Fein, *see id.* at 518, during which Plaintiff moved to amend his claim to a closed period of continuing disability starting on May 9, 2014, and ending on March 31, 2016, *see id.* at 507. On November 15, 2019, ALJ Fein issued a partially favorable decision in which he found, among other things, that Plaintiff continued to be disabled from May 9, 2014, until March 31, 2016, and that such disability ended on April 1, 2016, when he returned to work full time without any significant medical restrictions. *See id.* at 506-15. In response to this decision, Plaintiff sent ALJ Fein a letter on December 13,

---

[1] All references to page numbers of documents in the record are to the page numbers that the Court's ECF system generates, which appear in the top right corner of those pages.

2019, requesting that he amend his decision to find that Plaintiff's disability did not cease on April 1, 2016, which appears to have gone unanswered.  *See* Dkt. No. 10-1.  ALJ Fein's decision became final on January 15, 2020, and Plaintiff filed this appeal on February 7, 2020.  *See* Dkt. No. 1; Dkt. No. 10 at 2.  In support of his motion, Plaintiff filed a supporting brief on July 23, 2020, *see* Dkt. No. 10; and Defendant filed his response brief on September 4, 2020, *see* Dkt. No. 11.

In his brief, Plaintiff argues that there is not substantial evidence in the record to support the ALJ's determination that his disability ended on April 1, 2016.  *See generally* Dkt. No. 10 at 4-7.  Plaintiff further argues that the ALJ erred by failing to analyze or mention evidence that his employer provided, which showed that he worked under special conditions; and, had the ALJ considered that evidence, he would have found that Plaintiff had a continuing disability after April 1, 2016.  *See id.*

### III. DISCUSSION

**A.     Standard of review**

Absent legal error, a court reviewing the Commissioner's final decision will uphold that decision if there is substantial evidence in the record to support it.  *See* 42 U.S.C. § 405(g).  Substantial evidence is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).  Accordingly, a reviewing court "'may not substitute [its] own judgment for that of the [Commissioner], even if [it] might justifiably have reached a different result upon a de novo review.'"  *Cohen v. Comm'r of Soc. Sec.*, 643 F. App'x 51, 52 (2d Cir. 2016) (summary order) (quoting *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037,

1041 (2d Cir. 1984)).  In other words, "'[t]he substantial evidence standard means once an ALJ finds facts, [a reviewing court may] reject those facts "only if a reasonable factfinder would *have to conclude otherwise*."'"  *Tracie P. v. Comm'r of Soc. Sec.*, No. 3:19-CV-837 (FJS), 2020 WL 2309092, *2 (N.D.N.Y. May 8, 2020) (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (quotation and other citation omitted)).

Plaintiff asserts that his appeal is purely based on his work activity after March 31, 2016, and whether, based on that work activity, there is substantial evidence in the record to support the ALJ's determination that he returned to substantial gainful activity ("SGA") on April 1, 2016.  *See* Dkt. No. 10 at 2, 4.  In response, Defendant contends that ALJ Fein did not err by relying on Plaintiff's repeated requests that he only find Plaintiff disabled through March 31, 2016, and Plaintiff's statement that he returned to SGA on April 1, 2016, and, therefore, not considering any evidence outside that closed period of disability.  Alternatively, Defendant argues that both the invited error doctrine and the doctrine of judicial estoppel preclude Plaintiff from arguing that there was not substantial evidence in the record to support ALJ Fein's decision.  *See* Dkt. No. 11 at 6-12.

**B.    The ALJ's finding that Plaintiff's disability ceased on April 1, 2016**

On July 30, 2019, ALJ Fein held a hearing at which Plaintiff personally and through his representative, Terry Schmidt, moved to amend his claim to a closed period of continuing disability running from May 9, 2014, to March 31, 2016.  *See* AR at 507, 518-31.  Additionally, during the hearing, Plaintiff conceded that he engaged in SGA from the second quarter of 2016 through all of 2018.  *See id.* at 519-24.  On October 9, 2019, shortly before ALJ Fein rendered his decision, Ms. Schmidt sent him a letter, in which she, once again, requested that he find

Plaintiff disabled for the closed period of May 9, 2014, through March 31, 2016, and conceding that Plaintiff returned to SGA level work from the second quarter of 2016 through the fourth quarter of 2018. *See id.* at 784. On November 15, 2019, ALJ Fein issued a partially favorable decision, in which he found that Plaintiff continued to be disabled from May 9, 2014, through March 31, 2016, and that the disability ceased on April 1, 2016. *See id.* at 506-15.

When making a determination on a claimant's disability claim, an ALJ has an affirmative duty to develop the administrative record. *See Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (quotation omitted). However, the Second Circuit has held that, when a plaintiff requests to amend his disability claim to a closed period, it is not error for an ALJ to forego reviewing evidence beyond the plaintiff's requested end date for that closed disability period. *See Rotolo v. Berryhill*, 741 F. App'x 851, 853 (2d Cir. 2018) (summary order) (stating that "[w]e have held that, when counsel for a claimant concedes that the ALJ's review is limited to a particular time period, the ALJ need not evaluate the record for disability outside that time period" (citations omitted)); *Zabala v. Astrue*, 595 F.3d 402, 408-09 (2d Cir. 2010) (finding that the ALJ did not commit error by limiting the review period to a closed period where petitioner's counsel amended the period under review to a closed period and conceded that the petitioner performed SGA after the closed period ended). Where counsel for a claimant concedes a closed period of disability, the concession will be imputed to the claimant unless "he or she was 'coerced or deceived into stipulating to the closed period.'" *Rotolo*, 741 F. App'x at 853 (quoting [*Zabala*, 595 F.3d at 408]).

At the beginning of Plaintiff's hearing before ALJ Fein on July 30, 2019, Plaintiff's representative, Ms. Schmidt, made a motion to amend Plaintiff's disability claim to a closed period claim for the period of July 1, 2014, through December 31, 2016. *See* AR at 519-20. Ms.

Schmidt made this motion after she discussed this issue with Plaintiff during a pre-hearing phone conference, and Plaintiff authorized the amendment. *See id.* In addition, while discussing the amendment with ALJ Fein, Ms. Schmidt stated that there was SGA in 2017 and 2018. *See id.* ALJ Fein then asked Plaintiff if he was in agreement with his representative changing his open-ended disability claim to a closed period claim from July 1, 2014, through December 31, 2016. *See id.* at 520-21. Plaintiff stated that he agreed to the motion, and ALJ Fein stated that he would make the change. *See id.*

ALJ Fein and Ms. Schmidt then discussed Plaintiff's earnings, at which point she stated that Plaintiff was "not disputing 2017, 2018" and then conceded that Plaintiff's earnings during the final three quarters of 2016 were above the SGA level. *See id.* at 521-23. At this point, Ms. Schmidt reconsidered the closed period amendment and revised it to reflect a closed disability period of July 1, 2014, until March 31, 2016, instead of ending on December 31, 2016. *See id.* at 523. ALJ Fein asked Plaintiff if he understood that Ms. Schmidt was further amending the requested closed period to run from July 1, 2014, to March 31, 2016; Plaintiff responded that he understood. *See id.* at 523-24. ALJ Fein then asked Plaintiff if he was in agreement with this amendment, to which Plaintiff responded that he was. *See id.* The ALJ then confirmed, once more, with both Ms. Schmidt and Plaintiff that the requested closed period should be from July 1, 2014, to March 31, 2016, to which Ms. Schmidt stated "yes" and "awesome," and Plaintiff stated that he understood. *See id.* at 525. Later in the hearing, ALJ Fein realized that Plaintiff's disability had actually been determined to end on May 9, 2014, instead of July 1, 2014, and allowed Ms. Schmidt to further amend Plaintiff's closed period so that it ran from May 9, 2014, through March 31, 2016. *See id.* at 530-31. The ALJ then confirmed with Plaintiff that he understood the amended dates, and Plaintiff said that he did. *See id.* at 531.

Finally, on October 9, 2019, Ms. Schmidt wrote to ALJ Fein, reiterating that Plaintiff amended his claim to a closed period running from May 5, 2014, through March 31, 2016, because Plaintiff returned to SGA level work after that closed period through the end of 2018. *See id.* at 784.  Ms. Schmidt ended her letter by requesting that ALJ Fein find Plaintiff disabled for the closed period of May 9, 2014, through March 31, 2016.  *See id.*

On November 15, 2019, ALJ Fein issued a decision finding that Plaintiff continued to be disabled from May 9, 2014, through March 31, 2016, and that the disability ceased on April 1, 2016.  *See id.* at 506-15.

Plaintiff now disputes ALJ Fein's decision to the extent that he found that Plaintiff was no longer disabled as of April 1, 2016, because, Plaintiff argues, ALJ Fein did not consider evidence that, after March 31, 2016, Plaintiff performed his work under special conditions and had impairment-related work expenses.  *See generally* Dkt. No. 10.

As indicated above, the record clearly shows that Plaintiff, both personally and through Ms. Schmidt, amended his open-ended disability claim to a closed period disability claim running from May 9, 2014, through March 31, 2016.  Furthermore, Plaintiff repeatedly requested that the ALJ only find him disabled for a closed period from May 9, 2014, through March 31, 2016, and conceded that he had performed SGA after the closed period ended.  The record also clearly demonstrates that Plaintiff was not coerced or deceived into agreeing to the closed period of disability; and, thus, Ms. Schmidt's concessions, with which ALJ Fein made certain Plaintiff agreed, are imputed to Plaintiff.  Therefore, the Court concludes that it was not error for ALJ

Fein to forego review of evidence beyond March 31, 2016, which was Plaintiff's requested end date for his period of closed disability.[2]

## IV. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 10, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 11, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: December 10, 2020
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[2] The Court notes that Plaintiff's reliance on *Laureen P. v. Saul*, No. 1:18-CV-1062 (DJS), 2020 WL 1044012 (N.D.N.Y. Mar. 4, 2020), is misplaced. In that case, the plaintiff did not amend her disability claim to a closed-period claim or certify that she performed SGA during the relevant time period. *See generally id.* Therefore, unlike the situation in this case, the ALJ in *Laureen P.* was not excused under *Zabala* from reviewing the evidence in question. *See id.* at *4.